IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGELA D. MARSHALL             :

                                  :

      v.                         :   Civil Action No. DKC 12-0431

                                  :

PATRICK R. DONAHOE            :

                                  :

**MEMORANDUM OPINION**

Presently pending and ready for review in this employment discrimination case is the motion to dismiss and in the alternative, for summary judgment filed by Defendant Patrick R. Donahoe.[1]  (ECF No. 9).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion will be granted.

**I.  Background**

    **A.  Factual Background**

Unless otherwise noted, the facts outlined here are construed in the light most favorable to Plaintiff.  Plaintiff was hired by the Postal Service in September 1987.  She was diagnosed with breast cancer in 1992.  After initial treatment, her cancer was in remission until 1997.  At that point, she left her job for one year.  Upon returning to work, Plaintiff

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the current Postmaster General of the United States, Patrick R. Donahoe has been substituted for former Postmaster John E. Potter.

notified the Postal Service of her medical limitations, and she was assigned to serve as a "Modified General Clerk" in the Ronald Reagan National Air Mail Facility in January 1999.

When this facility closed in 2004, and on October 4, Plaintiff returned to her prior duty station in Gaithersburg, Maryland, as a "Mail Processing Clerk." After this move, Plaintiff requested to be reassigned because the work conditions and commute were bad for her health. This was denied. Plaintiff then appeared before the Postal Service's District Reasonable Accommodation Committee ("DRAC") on May 31, 2005, which told her that she needed to submit medical documents to support her requests, which she did on July 1, 2005. The DRAC did not offer Plaintiff a further reassignment as an accommodation to her disability.[2]

In 2005, Plaintiff made four requests for leave pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.: May 16, May 19, October 26, and December 6. In July 2007, Plaintiff made three additional requests for FMLA leave, the last occurring on July 21, 2007. The Postal Service denied all of these requests on the basis that Plaintiff failed to

---

[2] It is unclear from the record when the DRAC ultimately denied Plaintiff's transfer request. The Administrative Law Judge only noted that it occurred "[s]ometime after July 1, 2005. Plaintiff does not offer any evidence offering a more specific date.

demonstrate either that she had a present incapacity to work or how long the incapacity was projected to last, and because Plaintiff did not obtain proper signatures from a medical provider.

Between July and October 2005, Plaintiff took 112 hours of unscheduled leave. For this she received a fourteen-day suspension that was later rescinded. Between January and May 2006, Plaintiff took fifty-eight hours of unscheduled leave in connection with her ongoing health problems. On May 12, 2006, she was suspended for seven days for taking this unscheduled leave. The Postal Service issued her notice of this suspension on June 2, 2006.

### B.   Procedural Background

Plaintiff first contacted an Equal Employment Opportunity ("EEO") counselor on August 28, 2006, raising complaints of her reassignment to Gaithersburg, the denial of her FMLA leave requests that occurred in 2005, and the two suspensions for unscheduled leave. On December 4, 2006, she filed a formal EEO complaint. (ECF No. 9-10 & 9-11). The EEOC dismissed Plaintiff's complaint as untimely because she failed to consult with an EEO counselor within forty-five days of the alleged violations. (ECF No. 9-13). The Office of Federal Operations ("OFO") affirmed the dismissal of Plaintiff's FMLA claims as untimely, but concluded that the Postal Service's failure to

transfer Plaintiff as a reasonable accommodation for her medical condition was an ongoing violation of the Rehabilitation Act and therefore was not time-barred. (*Id.*).   On remand, after administrative discovery, the Postal Service moved for a decision without a hearing.  In February 2010, the EEOC issued a decision finding no discrimination in the Postal Service's decision not to transfer Plaintiff. (ECF No. 9-15).  Plaintiff appealed the decision to the OFO, which affirmed on August 30, 2011.  (ECF No. 9-15).  Plaintiff moved for reconsideration of this affirmation, which was denied on December 16, 2011.  (ECF No. 1-2).

Plaintiff filed a complaint in this court on February 13, 2012, alleging violations of the FMLA, the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990 ("ADA"). (ECF No. 1).  On May 25, 2012.  Defendant moved to dismiss certain claims, and for summary judgment on the others.  (ECF No. 9).  In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court mailed two letters to Plaintiff on May 25 and May 29, 2012 (ECF Nos. 11 & 12), notifying her that a dispositive motion had been filed and that her case could be dismissed.  Plaintiff has not opposed this motion.

## II.  Standards of Review

Defendant's motion implicates two standards of review. With respect to Plaintiff's Rehabilitation Act claims, Defendant

4

moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), and he moves for summary judgment on Plaintiff's FMLA claims.

Because the Defendant submits and relies on materials outside the pleadings, and Defendant challenges Plaintiff's FMLA claims based on the applicable statute of limitations, which is an affirmative defense, the summary judgment standard applies to those claims.

Summary judgment may be entered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed.R.Civ.P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment."

*Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Liberty Lobby*, 477 U.S. at 249-50 (citations omitted).  At the same time, the facts that are presented must be construed in the light most favorable to the party opposing the motion.  *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett*, 532 F.3d at 297.

Defendant also asserts that this court lacks subject matter jurisdiction over Plaintiff's Rehabilitation Act claims because she failed to exhaust her administrative remedies as to those claims.  Plaintiff bears the burden of proving that subject matter jurisdiction properly exists in federal court.  *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).  In considering a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.  The court should grant such a motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Richmond*, 945 F.2d at 768.

## III. Analysis

Plaintiff complains that Defendant violated the FMLA by denying her requested FMLA leave and punishing her for taking that leave. She also alleges that Defendant violated the Rehabilitation Act by: (1) improperly reassigning her to a position that did not fit her required medical accommodations; (2) discriminating against her on the basis of disability by denying her medical leave; and (3) discriminating against her on the basis of disability by disciplining her for taking medical leave.[3]

### A.   FMLA Claims

Defendant initially contends that Plaintiff's FMLA claims — denying her medical leave and disciplining her for taking that leave — are time-barred. FMLA claims are generally subject to a two-year statute of limitations, which commences "after the date of the last event constituting the alleged violation." 29 U.S.C. § 2617(c)(1). Where the alleged violation is willful, however, the limitations period is extended to three years. *Id*. § 2617(c)(2). Here, the last event constituting the alleged

---

[3] The ADA expressly excludes any "corporation wholly owned by the government of the United States" from its ambit. 42 U.S.C. § 12111(5)(B). Therefore, claims brought against the Postal Service under this statute must be dismissed. The Rehabilitation Act, however, may be applied to the Postal Service, and it incorporates the ADA's standards in determining whether an employer discriminated against an employee. 29 U.S.C. § 791(g).

violation of the FMLA was July 21, 2007, when she was last denied leave.  Because Plaintiff did not commence this action until February 13, 2012, her FMLA claims are time-barred, even assuming she alleges a willful violation of the statute.

**B.  Rehabilitation Act Claims**

Defendant moves to dismiss Plaintiff's Rehabilitation Act claims because she failed to exhaust her administrative remedies.  Defendant argues that Plaintiff was required to contact an EEO counselor regarding her Rehabilitation Act claims within forty-five days of the alleged acts of discrimination, which she did not do.  Alternatively, Defendant argues that summary judgment in his favor is appropriate because Plaintiff cannot establish that the Postal Service violated the Rehabilitation Act.

Before a federal civilian employee may file suit under the Rehabilitation Act, she must first exhaust her administrative remedies.  42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1); 29 C.F.R. § 1614.103(a).  The first step to exhaust is to contact an EEO counselor within forty-five of the occurrence of an employment action or matter that she believes to be discriminatory.  Otherwise, her administrative remedy is time-barred.  *See* 29 C.F.R. § 1614.105(a)(1).  Failure by the employee to exhaust administrative remedies, in a timely and proper way, for a Rehabilitation Act claim deprives the federal

8

courts of subject matter jurisdiction over the claim.  Thus, the initial inquiry for any Rehabilitation Act claim is whether all administrative prerequisites have been fulfilled before considering the merits of the claim.

Here, Plaintiff raised complaints to the EEO counselor of her improper reassignment to Gaithersburg in 2004, denial of her FMLA leave requests that occurred in 2005, and discrimination based on the two suspensions for unscheduled leave, the last of which occurred on June 2, 2006.  Because the last occurrence of alleged discrimination under the Rehabilitation Act occurred on June 2, 2006, the Act requires Plaintiff to have contacted an EEO counselor on or before July 17, 2006.  Plaintiff first contacted an EEO counselor on August 28, 2006.  None of Plaintiff's Rehabilitation Act claims were brought within the forty-five day window required by the Act.

As discussed, the OFO affirmed the dismissal of Plaintiff's claims of discrimination based on FMLA violations as untimely, but concluded that the Postal Service's failure to provide Plaintiff a reasonable accommodation to her medical condition and provide her with a transfer could be an ongoing violation of the Rehabilitation Act, and therefore the alleged violation continued to occur within the forty-five day window.

Arguably, this conclusion could have been correct prior to the Supreme Court's holding in *National Railroad Passenger Corp.*

*v. Morgan*, 536 U.S. 101 (2002).   In *Morgan*, however, the Court held that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act."   *Id.* at 113.   After *Morgan*, the continuing violation doctrine applies only to claims where the discriminatory act requires a series of events for the act to be complete, such as a hostile work environment claim. *See Szedlock v. Tenet*, 61 F.App'x 88, 93 (4th Cir. 2003) ("*Morgan* . . . makes clear that unless the plaintiff alleges a hostile work environment [claim] . . . each instance of discrimination is a discrete act.").   By way of example, the Supreme Court noted that "denial of transfer" is a discrete discriminatory act, not an ongoing violation.   *Morgan*, 536 U.S. at 114.

For purposes of Plaintiff's failure to accommodate claim, the Postal Service's alleged failure to place her in a position that conforms with her medical restrictions is a discrete act. Thus, the continuing violation theory is not applicable here, and Plaintiff's claim fails because she did not raise it with an EEO counselor within forty-five days she requested transfer.[4] *See Lipka v. Potter*, No. 2006 WL 839421, at *4 (W.D.N.Y. Mar. 28, 2006) (finding that postal worker failed to exhaust

---

[4] As noted, neither party submitted the exact date on which the DRAC ultimately denied Plaintiff's transfer request. Plaintiff, however, offers no evidence to dispute Defendant's argument that it occurred before June 2, 2006, the date on which she was suspended for taking unscheduled leave.

administrative remedies in bringing Rehabilitation Act disability discrimination claim because failure to accommodate medical condition *via* transfer is not actionable under continuing violation theory and the plaintiff failed to bring his claim to EEO officer within 45 days of alleged violation); *Taylor v. Fed. Exp. Corp.*, No. 03-195, 2004 WL 5231978, at *9 (D.Md. July 28, 2004) (finding failure to accommodate medical condition discrimination claims to be discrete acts and time-barred for purposes of the ADA). Therefore, this court lacks subject matter jurisdiction over Plaintiff's Rehabilitation Act claims because she failed to exhaust her administrative remedies in a timely manner.

## IV.  Conclusion

For the foregoing reasons, the motion to dismiss and for summary judgment filed by Defendant Patrick R. Donahoe will be granted.  A separate Order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge